In this case the following questions have arisen for the decision of the court:
First, — Whether the defendants, being coadministra-tors, arc liable for the defalcations of each other j and whether, in such case, if the administration bond comes incidentally before the court, it will not decido upon it, without directing a suit at law ?
Upon the first branch of this question, the-court is of opinion*- that the acts of one administrator may be so distinct and separate from those of another, that it may not be equitable to charge them jointly, and that-they ought not to be so charged, unless for some joint act.
Upon the second branch of the question, the court cannot see why (to do complete justice,) they might not as well decide upon an administration bond, coming incidentally before them, as upon any other deed, on which • they are in the habits of thus deciding : nor why, even upon such bonds, though joint, it may not be referred to the master to ascertain, how far each administrator, separately, has been rr-ilty of a devastavit.
Second, — Wi* ther the executors of Reuben Stark, who intermarried with the defendani, Mrs. Picket,-after tho death of her first husband Knox, be liable for her acts as administratrix before the said marriage P
It would appear that the husband is liable by law for the debts of tbe, wife, whether such arise by contract or misfeasance, such as on a devastavit: but how far tho executoHS maybe liable, is a question which will depend upon circumstances. In tiiis case there was a settlement of part of the wife’s fortune, and tho oilier part went to 1he husband. Then there will arise a third question :
Whether, if-the executors are liable, her own property under the settlement should not he first chargeable ?
I am of opinion that it should not. Tho very intention of the settlement must have been to guard that pro- *201 pcrty from the claims and the debts of the husband, and it does not appear to be material whether those debts should be of his own contracting, or whether they arose in consequence of his marriage with her. The marriage is considered in law as a 'good consideration, to make him so liable, and he ought to have been aware that there might have been such debts before he made the settlement, and either not have entered into it, or made, provision thereby (which- was not done,) for his indemnification out of the settled property. I am, however, of opinion, that the property of the husband is not liable any further than the defalcations which may have taken place before the marriage, for which the fortune which came by her may be an indemnification, nor further during the marriage, than the sums actually received by him; and that afterwards, the separate property of the wife will eventually be liable. In this case I can see no distinction between the property which came by the wife unsettled, and the property which was his own. As soon as the marriage took place and he had reduced the first into possession, it became just as much his own as the last.
Fourth, — 'Whether the administrators of Dr. Knox, are liable for costs incurred by their own neglect, amt whether they are not entitled to credit for them where it became necessary to defend the suits 1
It is very plain that administrators must be liable to costs incurred by their neglect; and it is but equitable where it became necessary to defend suits, that the com- . plainants should there be chargeable. .
Therefore, let it be referred to the commissioner to report what sums are duo to the complainants upon the above principles,